USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/7/14

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ANGEL R. VARGAS,

                Plaintiff,

-v.-

CITY OF NEW YORK, *et al.*,

                Defendants.
------------------------------------------------------------X

**REPORT AND RECOMMENDATION**

13-CV-1971 (PAC) (JLC)

**JAMES L. COTT, United States Magistrate Judge.**

**To The Honorable Paul A. Crotty, United States District Judge:**

      Defendants in this Section 1983 action, the City of New York and various corrections personnel, move to dismiss *pro se* Plaintiff Angel R. Vargas' action for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure. For the reasons set forth below, I recommend that the Court grant Defendants' motion and dismiss the action with prejudice.

## I. BACKGROUND

### A. Vargas' Allegations

      The events leading to this action occurred on February 25, 2013, while Vargas, who was incarcerated at the time, was being prepared for transfer from the Manhattan Detention Complex to the Eric M. Taylor Center on Rikers Island. *See* Second Amended Complaint (Dkt. No. 23), at 8.[1] Vargas, a practitioner of the Santeria religion, alleges that on that date, he was ordered to remove what officers referred to as his "gang beads." *Id.* According to Vargas, these beads were used for prayer and had been previously cleared by another correctional officer. *Id.* When

---

[1]   I cite to the page number of the ECF document, not to the pagination printed on the form complaint itself.

1


USDC SDNY
DATE SCANNED 7/7/14

Vargas insisted that he would not surrender his prayer beads, and asked to speak to a higher-ranking officer, he claims he was grabbed by a correction officer, punched in the ribs, choked, and handcuffed. *Id.* at 9. Vargas alleges that the officer then threw him into a wall and yanked his beads from his neck. *Id.* Vargas further alleges other "religious artifacts" were also confiscated. *Id.* at 10. Vargas allegedly requested a receipt for the beads and the other items, but the receipt was issued under the name of another prisoner, Ramon Perez. *Id.*

## B. Commencement of Action and Initial Proceedings

Vargas commenced this action on March 21, 2013, using a form complaint, alleging civil rights violations under 42 U.S.C. § 1983 and raising claims, broadly construed, under the Religious Land Use and Institutionalized Persons Act of 2000, 42 U.S.C. § 2000cc, *et seq.* as well as state law. *See* Complaint (Dkt. No. 2). He was granted permission to proceed *in forma pauperis* on April 23, 2013. Order (Dkt. No. 5).

On April 30, 2013, the Court ordered the Corporation Counsel of the City of New York ("Corporation Counsel") to ascertain the identities of the "John Doe" defendants named in the complaint and provide that information in order for Vargas to file and serve an amended complaint, pursuant to *Valentin v. Dinkins*, 121 F.3d 72, 75 (2d Cir. 1997). Order of Service (Dkt. No. 8). On July 7, 2013, Vargas notified the Court that Corporation Counsel had not complied with its *Valentin* Order. *See* Plaintiff's Letter dated July 7, 2013 (Dkt. No. 17). Corporation Counsel subsequently identified the two additional defendants by letter dated August 1, 2003, *see* Order (Dkt. No. 18), and Vargas filed an amended complaint (Dkt. No. 20) on September 3, 2013. However, Vargas failed to specifically name the disclosed defendants in his amended complaint, and upon further order of the court (Dkt. No. 22), he filed a second amended complaint on September 20, 2013, properly naming the individual correctional officers.

2

Defendants filed their answer on October 4, 2013. (Dkt. No. 24). An initial case management conference was held on November 6, 2013, at which the Court set February 14, 2014 as the cut-off date for discovery in the case. *See* Order (Dkt. No. 26).

## C. Vargas' Non-Responsiveness in Discovery

In a letter to the Court dated February 5, 2014 (Dkt. No. 30), Corporation Counsel reported that although it had served interrogatories and a request for documents on Vargas on November 18, 2013, and had further written to Vargas repeating these requests on January 22, 2014, Vargas had not provided any responses. The Court consequently granted Corporation Counsel's application that it compel Vargas to respond, and extended the discovery deadline to April 14, 2014. Order dated Feb. 13, 2014 (Dkt. No. 31). The Court warned Vargas that "failure to respond to discovery requests or otherwise prosecute his case can lead to sanctions, up to and including dismissal of this action." *Id.* at 2.

On April 2, 2014, Corporation Counsel sought dismissal of the case with prejudice for failure to prosecute under Rule 41(b), stating that Vargas had still failed to comply. *See* Letter from Assistant Corporation Counsel James F. Horton dated Apr. 2, 2014 (Dkt. No. 32). The Court directed Vargas to respond to the discovery requests by April 14, 2014 or, alternatively, to write the Court to explain why he had failed to comply with the Court's orders. Order dated Apr. 3, 2014 (Dkt. No. 33). Vargas was warned that he had "one final chance to comply" or the Court would recommend the case be dismissed for failure to prosecute. *Id.* On April 15, 2014, Corporation Counsel reported that Vargas had not provided the discovery responses. *See* Letter from Assistant Corporation Counsel James F. Horton dated Apr. 15, 2014 (Dkt. No. 34).

3

## II. DISCUSSION

### A. Legal Standard

A plaintiff has the duty to diligently advance his case. *See Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982). If a plaintiff "fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order, a defendant may move to dismiss the action." Fed. R. Civ. P. 41(b). Dismissal under Rule 41(b) operates as an "adjudication on the merits" unless otherwise specified. *Id.* (noting exception for lack of jurisdiction, improper venue or failure to join a party). While special consideration must be given for difficulties faced by *pro se* litigants, *see Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996), even unrepresented plaintiffs maintain a duty to comply with court orders, and failure to do so may constitute sufficient grounds for dismissal. *See McDonald v. Head Criminal Court Supervisor Office*, 850 F.2d 121, 124 (2d Cir. 1988).

It is well-established that a court has the authority to dismiss an action for lack of prosecution as part of its inherent power to "achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962). This power, however, should be reserved for extreme situations, given the harsh nature of dismissal of an action. *See United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004). Nonetheless, dismissal may be justified when an action has been lying dormant for even a matter of months due to a plaintiff's lack of diligence. *Lyell Theatre Corp.*, 682 F.2d at 42-43. In weighing whether to dismiss an action for failure to prosecute, courts consider whether:

> (1) the plaintiff's failure to prosecute caused a delay of significant duration;
> (2) plaintiff was given notice that further delay would result in dismissal;
> (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.

*Lewis v. Rawson*, 564 F.3d 569, 576 (2d Cir. 2009). No individual factor is dispositive, and courts should take into account the entire record as a whole. *Drake*, 375 F.3d at 254.[2]

### B. Vargas Has Failed to Prosecute His Case

Vargas has repeatedly failed to respond to Defendants' interrogatories and requests for documents despite receiving multiple warnings that the result of his failure to do so could be dismissal of his action, including in the Court's February 13 and April 15, 2014 orders. *See Virola v. Entire GRVC Dep't of Mental Health Hygiene Servs.*, No. 12-CV-1005 (ER), 2014 WL 793082, at *3 (S.D.N.Y. Feb. 21, 2014) (notice of motion to dismiss and court orders constitute sufficient notice); *George v. City of New York*, 12-CV-6365 (PKC) (JLC), 2013 WL 5943206, at *4 (S.D.N.Y. Nov. 6, 2013) (single order warning of dismissal was "meaningful, non-technical notice"). Vargas' last contact with the Court was on November 6, 2013, when he filed a notice of change of address (Dkt. No. 27) after appearing at the initial pre-trial conference. In the intervening eight months, he has made no effort to explain his dilatory behavior or express any interest in continuing to pursue his case.

A delay of this length is significant enough for a court to dismiss for failure to prosecute. *See, e.g.*, *Chira v. Lockheed Aircraft Corp.*, 634 F.2d 664, 666 (2d Cir. 1980) (finding a six-month delay sufficient to dismiss); *Brow v. City of New York*, 391 F. App'x 935, 937 (2d Cir. 2010) (same). It is also a long enough duration to presume prejudice to Defendants, who have continued to expend resources chasing after Vargas in their efforts to defend against his suit.

---

[2] "[A] district court is not required to discuss each factor in dismissing a case as long as an explanation is given for the dismissal." *Nzomo v. Wheeler*, 10-CV-8530 (RA) (JLC), 2013 WL 4713911, at *1-2 (S.D.N.Y. Sept. 3, 2013) (quoting *Qiaosun Wu v. BTL Int'l Co.*, 11-CV-1202 (PAE) (GWG), 2011 WL 683132, at *5 (S.D.N.Y. Apr. 12, 2012)), Report and Recommendation, *adopted by* 2014 WL 92711 (S.D.N.Y. Jan. 9, 2014). Nonetheless, in an abundance of caution and because dismissal with prejudice is recommended here, I will address each of the "guiding rules" fashioned by the Second Circuit. *Drake*, 375 F.3d at 254.

*See, e.g., Beaman v. Yelich*, 12-CV-5304 (ALC) (SN), 2014 WL 1813926, at *1 (S.D.N.Y. May 6, 2014) (prejudice presumed after six months); *Virola*, 2014 WL 793082, at *3 (same). Moreover, after seven months of inaction by a plaintiff, a court is justified in asserting its interest in streamlining its crowded docket. *See, e.g., Caussade v. United States*, 293 F.R.D. 625, 631 (S.D.N.Y. 2013) (interest of judicial efficiency weighs against permitting case to "languish on the docket" after five-month delay). "It is not the function of this Court to chase dilatory plaintiffs while other litigants in this district seek access to the courts." *Hibbert v. Apfel*, 99-CV-4246 (SAS), 2000 WL 977683, at *3 (S.D.N.Y. July 17, 2000); *see also St. Prix v. Sirus XM Satellite Radio*, 11-CV-1506 (CM) (KNF), 2014 WL 405812, at * 4 (S.D.N.Y. Jan. 29, 2014) ("[C]alendar congestion outweigh[s] plaintiff's opportunity to be heard when the plaintiff has rebuffed opportunities to be heard.").

Finally, under the applicable factors, the Court must consider "whether lesser sanctions would [be] sufficient to remedy any prejudice resulting from plaintiff's delay." *Drake*, 375 F.3d at 257. The district court has wide discretion, however, and is "not required to exhaust possible lesser sanctions before imposing dismissal or default if such sanction is appropriate on the overall record." *S. New Eng. Tel. Co. v. Global NAPs Inc.*, 624 F.3d 123, 148 (2d Cir. 2010). Vargas' history as a litigant before this Court demonstrates that any lesser sanction other than dismissal with prejudice would be ineffective.

A prior, similar Section 1983 action Vargas brought *pro se* in this District was initially dismissed in 2012 without prejudice for failure to prosecute after Vargas failed to appear for two scheduled depositions, in defiance of the court's warning and an order that he explain his dilatoriness. *See Vargas v. N.Y.C. Dep't of Corr. Servs.*, 11-CV-7319 (KBF) (S.D.N.Y. Sept. 17, 2012) ("*Vargas I*"), Order dated Aug. 10, 2012 (Dkt. No. 37). Following the dismissal, Vargas

6

filed a letter stating that he had failed to appear due to mental and physical health issues, and although he did not submit any supporting documentation, the case was reinstated based on that showing of presumed good cause. *See Vargas I*, Order dated Aug. 27, 2012 (Dkt. No. 39). However, Vargas again failed to appear for a third scheduled deposition, at which time the case was dismissed with prejudice. *See Vargas I*, Order dated Sept. 17, 2012 (Dkt. No. 47). It is clear from this pattern of behavior that Vargas neither respects the resources of the court nor of other litigants, and that he would likely fail to aadvance his case should the Court grant a dismissal without prejudice. As such, while in some cases a lesser sanction such as dismissal without prejudice might be appropriate, here given Vargas' track record this action should be dismissed with prejudice. *See, e.g., Thrall v. Cent. N.Y. Reg'l Transp. Auth.*, 399 F. App'x 663, 666 (2d Cir. 2010) ("[D]ismissal with prejudice may be appropriate even for *pro se* litigants who repeatedly ignore court orders or otherwise engage in obdurate conduct."); *see also Beaman*, 2014 WL 1813926, at *2 (where plaintiff "simply ignores the Orders of the Court, and the Court and counsel have no way of communicating with him, any other sanction [than a dismissal with prejudice] would be ineffective") (citations omitted). If Vargas had a legitimate explanation for his failure to prosecute, the time has now run for him to provide it.

### III. CONCLUSION

For the reasons stated herein, I recommend that the Court grant Defendants' motion to dismiss Vargas' action with prejudice for failure to prosecute under Rule 41(b).

### PROCEDURE FOR FILING OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Such objections, and any responses to such objections,

shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable Paul A. Crotty and to the chambers of the undersigned, United States Courthouse, 500 Pearl Street, New York, New York, 10007. Any requests for an extension of time for filing objections must be directed to Judge Crotty. **FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW.** *See Thomas v. Arn*, 474 U.S. 140 (1985); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. If Plaintiff does not have access to cases cited herein that are reported on LexisNexis or Westlaw, he should request copies from Corporation Counsel. *See Lebron v. Sanders*, 557 F.3d 76, 79 (2d Cir. 2009).

Dated: New York, New York
July 7, 2014

*[signature]*

JAMES L. COTT
United States Magistrate Judge

**A copy of this Report and Recommendation has been mailed to:**

Angel R. Vargas
1530 Rosedale Avenue #1A
Bronx, NY 10460